IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Willie L. Smith, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 4:11-2039-TLW-TER |
| | ) | |
| City of Marion and Rodney Berry, | ) | |
| | ) | **ORDER** |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

Plaintiff Willie L. Smith, ("Plaintiff"), brought this civil action asserting claims of employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e) et seq., the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq., the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601, et seq., the South Carolina Human Affairs Law (SCHAL), S.C. Code Ann. § 1-13-10, et seq., as well as claims for wrongful discharge and defamation. (Doc. # 1).

The matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Thomas E. Rogers, III, to whom this case had previously been assigned. In the Report, the Magistrate Judge recommends that Defendant Rodney Berry's Rule 12(b)(6) Motion to Dismiss be granted in part and denied in part. (Doc. # 17). Specifically, the Magistrate Judge recommends the motion be granted with respect to Plaintiff's claims under Title VII, the ADA, the FMLA, and the SCHAL and that the motion be denied with respect to Plaintiff's claims for wrongful discharge and defamation. (Doc. # 17). Plaintiff filed objections to the Report to which Defendant Berry filed a Reply. (Docs. # 18 and # 20). In conducting its review, the Court therefore applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections. The Court has undertaken a careful review of the district and circuit court opinions cited in the Report on the question of individual liability under the FMLA, as well as other relevant cases such as Lizzi v. Alexander, 255 F.3d 128 (4th Cir. 2001); Fields v. Trollinger, 2011 WL 3422689 (W.D.N.C. March 28, 2011); and Mezu v. Morgan State University, 2010 WL 1068063 (D. Md. March 18, 2010). Although they arrive at different conclusions, all of the cited opinions are well-considered. Ultimately, this Court finds more persuasive the statutory analysis that finds no individual liability for public agency employees under the FMLA. See, e.g., Keene v. Rinaldi, 127 F.Supp.2d 770 (M.D.N.C. 2000) (rejecting individual liability under the FMLA on statutory and other grounds). The analysis set forth in Keene and the other cases rejecting individual liability for public agency employees is outlined in the Report and need not be repeated here.

**WHEREFORE**, the Court having reviewed the Magistrate's Report as well as the objections thereto, the Court **ACCEPTS** the Report. (Doc. # 17). Defendant Rodney Berry's Motion to Dismiss is thereby **GRANTED IN PART** and **DENIED IN PART**. (Doc. # 4).

Plaintiff's claims under Title VII, the ADA, the FMLA and the SCHAL as against Defendant Berry are **DISMISSED**. Plaintiff's remaining claims survive this Rule 12(b)(6) motion.

**IT IS SO ORDERED**.

                                                                            s/Terry L. Wooten
                                                  United States District Judge

March 2, 2012
Florence, South Carolina