UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| WILLIE L. SMITH, | ) | Civil Action No.: 4:11-cv-2039-MGL-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **ORDER** |
| | ) | |
| CITY OF MARION and RODNEY BERRY; | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This is an employment discrimination case. Presently before the Court is Defendants' Motion to Strike Affidavits and Exclude Witnesses (Document # 37). Specifically, Defendants seek to strike any Affidavits sworn by Bobby Davis and Michael Baker and offered by Plaintiff and to exclude Davis and Baker from testifying in this matter. Plaintiff has not filed a Response to the Motion. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), DSC.

Davis and Baker are currently members of the City of Marion City Council and were at the time of the events alleged in Plaintiff's Complaint. Despite knowing that the City of Marion was represented by counsel in this action, counsel for Plaintiff contacted both Davis and Baker <u>ex parte</u> and discussed the factual background of the case. Davis also provided an Affidavit (Document # 35) to Plaintiff, which Plaintiff has filed in this action.

South Carolina Rule of Professional Conduct 4.2[1] prohibits an attorney from communicating with a person the attorney knows is represented by counsel about the subject of the representation

---

[1] This Court has adopted the South Carolina Rules of Professional Conduct, SCACR 407. <u>See</u> Local Civil Rule 83.I.08, RDE Rule IV.B.

unless the attorney has the consent of the individual's attorney or is otherwise authorized. South Carolina does not appear to have issued any advisory opinions as to whether this rule includes members of a city council when the city is involved in litigation and is represented by counsel. However, Defendants have pointed to advisory opinions from other states that conclude such conduct runs afoul of Rule 4.2. See, e.g., State Bar of Tex., Professional Ethics Comm. Op. 474 (1991) (Rule 4.2 bars telephone contact by litigant's lawyer with city council criticizing city's settlement offer in suit against city); State Bar of S.D., Ethics Comm. Op. 92-15 (1993) (lawyer representing government employee in grievance matter may not write County Commissioners without County Attorney's consent); Ill. State Bar Ass'n, Comm. on Professional Ethics Op. 92-3 (1992) (defendant's lawyer may not send City officials correspondence with City Attorney about the matter).

As for the appropriate sanction for this conduct, the undersigned finds the conclusion reached by the United States District Court for the Eastern District of Pennsylvania to be persuasive:

> Unfortunately, for the case at bar, no Pennsylvania case law has been found to interpret how broadly Rule 4.2's prohibition may be read. We do believe, however, that the rule's import, i.e., that organization members whose conduct involves the matter in representation should not be the object of ex parte communications, should have put plaintiff's counsel on notice as to a potentially serious problem regarding his proposed course of action. In such an uncertain area of ethical conduct, we believe that a prudent attorney would have given notice to opposing counsel of the intent to take such a statement. We shall, therefore, grant the defendant's motion insofar as it pertains to prohibiting the plaintiff's use at trial of any statement, information or evidence obtained or received from Mr. Willis by the plaintiff or his attorney. Mr. Willis may, however, be called as a witness by either side at trial.

Cagguila v. Wyeth Laboratories, Inc., 127 F.R.D. 653, 654-55 (E.D.Pa. 1989). Here, the undersigned finds that preclusion of any Affidavit, including the Davis Affidavit filed on August 24, 2012, or any other statement obtained as a result of the ex parte contact between Plaintiff's counsel and council members Davis and Baker is appropriate. However, because Davis and Baker were both deposed with counsel for all parties present, such deposition testimony is properly before the court

and will not excluded either at the summary judgment stage or at trial nor will Davis or Baker be precluded from testifying at trial.  Accordingly, Defendants' Motion to Strike and Affidavits and Exclude Witnesses (Document # 37) is **GRANTED** in part and **DENIED** in part as set forth above.

    **IT IS SO ORDERED.**

                                                 s/Thomas E. Rogers, III
                                                 Thomas E. Rogers, III
                                                 United States Magistrate Judge

August 8, 2013
Florence, South Carolina