IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Willie L. Smith, | ) Civil Action No.: 4:11-2039-MGL |
| Plaintiff, | ) |
| vs. | ) **ORDER AND OPINION** |
| City of Marion and Rodney Berry, | ) |
| Defendants. | ) |

Plaintiff Willie L. Smith ("Plaintiff") filed this action against City of Marion and Rodney Berry, ("Defendants") alleging claims against his former employer for age and race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e) *et seq.*, the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601, *et seq.* and the South Carolina Human Affairs Law (SCHAL), S.C. Code Ann. § 1-13-10, *et seq.*

On September 10, 2012, Defendants filed a Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 36.) Plaintiff filed a response in opposition on September 27, 2012, with additional attachments (ECF Nos. 39-44) and Defendants filed a reply on October 12, 2012. (ECF No. 46.) In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this employment discrimination matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for consideration of pretrial matters and a Report and Recommendation. The Magistrate Judge has prepared a thorough Report and Recommendation which recommends that Defendants' Motion for Summary Judgment be denied as to Plaintiff's FMLA, SCHAL, and Title VII causes of action. (ECF No. 63.) Defendants filed timely objections to the Report and

Recommendation.  (ECF No. 67.)  For the reasons set forth herein, this court adopts the Report and Recommendation and Defendants' Motion for Summary Judgment is denied as to Plaintiff's FMLA, SCHAL, and Title VII causes of action.  Plaintiff's remaining claims raised in his complaint are dismissed as abandoned by Plaintiff.

## BACKGROUND AND PROCEDURAL HISTORY

The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates them and summarizes below in relevant part.  Plaintiff filed this matter on July 14, 2011, in the Marion County Court of Common Pleas alleging age and race discrimination related to his employment.  (ECF No. 1.)  This matter was removed to this court by the Defendants on August 4, 2011.  (ECF No. 1.)  On September 10, 2012, Defendants moved for summary judgment.  (ECF No. 36.) After consideration of the response filed in opposition to the Motion for Summary Judgment (ECF No. 39), several documents submitted in support of the opposition (ECF Nos. 40-44), and Defendants' reply (ECF No. 46), the Magistrate Judge issued a Report and Recommendation recommending that Defendants' Motion for Summary Judgment be denied as to Plaintiff's FMLA, SCHAL, and Title VII causes of action, and dismissing the remaining claims raised in Plaintiff's Complaint, including all claims against Defendant Rodney Berry individually.  (ECF No. 63.)

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility for making a final determination remains with this court.  *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The

court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

The Magistrate Judge, upon review of the evidence, determined that Plaintiff presented sufficient evidence to establish a prima facie case of retaliation in violation of the FMLA and that an issue of fact remains as to whether Defendants' reason for terminating Plaintiff was pretext for a retaliatory reason. (ECF No. 63 at 13-15.) Accordingly, the Magistrate Judge recommended that summary judgment be denied as to Plaintiff's FMLA claim. Similarly, the Magistrate Judge concluded that the issues of fact remaining as to whether the reason given for Plaintiff's termination was pretextual also preclude summary judgment on Plaintiff's Title VII and SCHAL claims. (ECF No. 63 at 16-20.) As noted by the Magistrate Judge, Defendants asserted that the legitimate, non-discriminatory reason for Plaintiff's termination was Plaintiff's conduct during the executive session of the City Council meeting held on October 12, 2010, and that an issue of fact remained as to what occurred at that meeting. (ECF No. 63 at 22.) The Magistrate Judge also noted that the remaining claims of Plaintiff's complaint, including Plaintiff's claims against Defendant Rodney Berry individually, should be dismissed as abandoned by Plaintiff. (ECF No. 63 at 22.)

Defendants filed objections to the Magistrate Judge's Report and Recommendation. (ECF No. 67.) First, Defendants acknowledge that for the purposes of summary judgment, Defendants did not contest that Plaintiff had a prima facie case as to each of the relevant

claims. (ECF No. 67 at 2.) Defendants instead assert that the City of Marion had a legitimate and non-discriminatory (non-retaliatory) reason for discharging Plaintiff.

Defendants disagree with the Magistrate Judge's conclusion that a fact issue exists as to whether the reason for the termination was pretextual based on any uncertainty as to what occurred at the October 12, 2010 meeting. (ECF NO. 67 at 3.) Defendants argue that any dispute over the extent and severity of the disagreement that occurred at the October 12, 2010 meeting cannot establish pretext, particularly because all witnesses agree Plaintiff was there to challenge his superior and a disagreement did ensue. (ECF No. 67 at 6.) Defendants also disagree with the Magistrate Judge's consideration of temporal proximity and argue that the mere temporal proximity of Plaintiff's discharge to his FMLA leave is insufficient to warrant a denial of summary judgment. (ECF No. 67 at 6.) Defendants also argue that alleged comments made about Plaintiff's retirement do not preclude summary judgment as to Plaintiff's age discrimination claim and argue that the Magistrate Judge incorrectly disregarded the context of the alleged comments. (ECF No. 67 at 6-11.) Finally, Defendants argue that the Magistrate Judge incorrectly credited "other evidence" of racial animus as support for the Report and Recommendation. (ECF No. 67 at 11-14.) Plaintiff submitted a reply to Defendants' objections to the Magistrate Judge's Report and Recommendation reiterating the evidence supporting a prima facie case on his FMLA, Title VII, and SCHAL claims and also maintaining his challenge regarding pretext. (ECF No. 73.)

As an initial matter, the court finds that the Magistrate Judge prepared an extensive and detailed Report and Recommendation that appropriately addressed the parties' arguments in light of the evidence presented and the applicable case law including the

burden-shifting analysis under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817 (1973).  The court finds that the Magistrate Judge properly noted the record testimony of two other witnesses, in addition to Plaintiff's own account, which is indicative of an existing issue of fact as to what occurred at the October 12, 2010 meeting.  Plaintiff's response to the objections (and several attachments) only serve as further proof on the point and this issue of fact bears on the viability of each of Plaintiff's remaining claims.  Further, the Magistrate Judge also correctly cited *Warren v. Halstead Industries, Inc.*, 802 F.2d 746, 758 (4th Cir. 1986) as evidence that close temporal proximity can also serve as evidence of pretext.  This issue was one of several reasons the Magistrate Judge considered in making his recommendation—hardly the sole reason for his findings.  This court further finds no error in the Magistrate Judge's consideration of the age-related comments.  Considering Defendants' acknowledgment regarding the establishment of Plaintiff's prima facie case, however, this issue need not even be reached.  Additionally, the most significant bases for the Magistrate Judge's recommendation on racial discrimination remain unchallenged, thus, Defendants' arguments concerning the Magistrate Judge's consideration of other evidence of racial animus have no real bearing.  Accordingly, the court finds no error in the Magistrate Judge's analysis and recommendation.

     The Magistrate Judge's analysis evidences the great amount of care taken to evaluate the evidence in light of the applicable factors and standards of law.  Finally, the court notes that Plaintiff makes no objection the Magistrate Judge's recommended dismissal of Plaintiff's remaining claims, including all claims against Defendant Rodney Berry individually.

## CONCLUSION

The court has carefully reviewed the objections made by Defendants and has conducted the required de novo review. After considering the motion, the record, and the Report and Recommendation of the Magistrate Judge, this court determines that the Magistrate Judge's recommended disposition is correct and the Report and Recommendation is adopted and incorporated herein by reference.

Therefore, it is ORDERED that Defendants' Motion for Summary Judgment (ECF No. 36) is DENIED as to Plaintiff's FMLA, SCHAL, and Title VII causes of action, and the remaining claims raised in Plaintiff's complaint, including all claims against Defendant Rodney Berry individually, are dismissed.

IT IS SO ORDERED.

/s/Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
September 27, 2013